57th & 60th St. Lender LLC v State Bank of Tex. (2023 NY Slip Op 02609)

57th & 60th St. Lender LLC v State Bank of Tex.

2023 NY Slip Op 02609

Decided on May 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2023

Before: Kern, J.P., Friedman, Gesmer, Moulton, Rodriguez, JJ. 

Index No. 654007/18 Appeal No. 247-248 Case No. 2022-04100, 2022-04636 

[*1]57th and 60th Street Lender LLC, Respondent,
v
State Bank of Texas et al., Appellants, John Doe 1-99 et al., Defendants. 

Epstein Becker & Green, P.C., New York (Kenneth J. Kelly of counsel), for appellants.
Zeichner Ellman & Krause LLP, New York (Jantra Van Roy of counsel), for respondent.

Judgment, Supreme Court, New York County (Jennifer Schecter, J.), entered October 17, 2022, in plaintiff's favor against State Bank of Texas (SBT), unanimously affirmed, without costs. Appeal from decision, same court and Justice, entered on or about August 25, 2022, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
On June 28, 2018, plaintiff agreed to purchase two loans from SBT, each of which were secured by mortgages on separate properties owned by nonparty Bao Zhi Liu (Liu). Thereafter, plaintiff and SBT entered into a Loan Sales Agreement (LSA), which stated, "[i]f the Loan(s) are repaid in full on or before the Closing Date [August 3, 2018], [SBT] shall be entitled to retain all of such payment, the Deposit shall be returned to [plaintiff], and this Agreement shall terminate."
On July 12, 2018, Liu sold one of the properties, paid SBT $4,715,822.56 and was released from the mortgage on that property. On July 24, 2018, Liu took out a new loan from a new lender on the second property, paid SBT $4,145,837.54 and SBT assigned the mortgage to the new lender. SBT then issued payoff letters to Liu stating that the loans had been paid in full at a default interest rate of 24%. On July 25, 2018, SBT wrote to plaintiff stating that "[b]orrower repaid the Loan(s) in full. Accordingly, the [LSA] is terminated. . ."
Plaintiff then commenced this action, alleging that SBT breached the LSA by terminating the agreement even though the loans had not been "repaid in full." Plaintiff also asserted causes of action for breach of the LSA's confidentiality provision and breach of the LSA's implied covenant of good faith and fair dealing. After a trial, Supreme Court entered judgment in plaintiff's favor against SBT in the amount of $3,115,676.84.
Supreme Court properly entered judgment in favor of plaintiff. As an initial matter, the court incorrectly determined that the phrase in the LSA, "If the Loan(s) are repaid in full," was ambiguous. The phrase unambiguously refers to Liu, the borrower, returning the money owed to SBT, the lender, including any interest, late fees and other penalties. Plaintiff's assertion that the second loan was not "repaid in full" because it was assigned to another bank rather than satisfied and extinguished is unavailing as it is undisputed that SBT was repaid by Liu, the borrower.
However, judgment was properly entered in favor of plaintiff because the Loans were not repaid in full due to SBT's failure to charge the full amount of default interest. The notes clearly say the default rate is "twenty-four percentage points (24.00%) per annum greater than that which would otherwise be applicable or the maximum rate permitted by law (the "Default Rate") whichever is lower." As each Loan exceeded $2.5 million, Penal Law § 190.40 (criminal usury) does not apply (see General Obligations Law § 5-501[6][b]). Therefore, the default rate was 24 percentage points greater than what would otherwise be applicable [*2]for each loan, 8% and 7.5%, respectively. When it collected payment from Liu, SBT mistakenly charged only 24% interest for each loan instead of 32% and 31.5%, respectively, leaving a shortfall of $335,000. Thus, as defendants did not collect the full amount of interest contemplated by the notes, the Loans were not "repaid in full" and SBT did not have the right to terminate the LSA.
Defendants' assertion that the court should apply the doctrine of practical construction to limit the default rate to 24% because the parties to the loan consistently referred to the default rate being 24% during the course of performance is unavailing, as the default rate clause in the loan contract is unambiguous (see City of New York v New York City Ry. Co. , 193 NY 543, 548 [1908]).
Moreover, defendants' assertion that plaintiff judicially admitted that the default rate was 24% because its amended complaint sought damages based on that rate is based on a false premise and therefore without merit. The complaint in the instant action merely requested per diem interest in a certain dollar amount and did not assert that the default rate was 24%.
To the extent SBT appeals the trial court's findings that it breached the confidentiality agreement in the LSA and that it breached the covenant of good faith and fair dealing implied in the LSA, the trial court dismissed these claims on the ground that they were duplicative of plaintiff's breach of contract claim. Accordingly, SBT is not
aggrieved with respect to these causes of action. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2023